**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRUCE LEON ROBINSON,
<u>Plaintiff-Appellant,</u>

v.

JAMES R. METTS, Sheriff of
Lexington County; GLENN OXENDINE,
Detective; ADRIAN BOST, Captain;
DUANE R. PEAKE, Sergeant;
ANTHONY PLANTE, Detective; JIMMY
SMITH, Detective; LARRY HARRISON,
Detective; JIM GRAHAM, Detective;
KEN CORRELL, Detective, in their                    No. 97-1527
individual capacities,
<u>Defendants-Appellees,</u>

and

LEXINGTON COUNTY, a political
subdivision; LEXINGTON COUNTY
SHERIFF'S DEPARTMENT; KIM D.
FEASTER; JAMES E. HARRIS, Sergeant;
JOHN DOE; RICHARD ROE; STATE OF
SOUTH CAROLINA,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.

Patrick Michael Duffy, District Judge.

(CA-95-1866-3-23)

Argued: January 29, 1998

Decided: August 17, 1999

Before WIDENER and WILKINS, Circuit Judges, and RUSSELL,* Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Keith Fowler, Jr., Columbia, South Carolina, for Appellant. Thomas C.R. Legare, Jr., NEXSEN, PRUET, JACOBS & POLLARD, L.L.P., Columbia, South Carolina, for Appellees. **ON BRIEF:** Wilburn Brewer, Jr., NEXSEN, PRUET, JACOBS & POL-LARD, L.L.P., Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bruce Leon Robinson brought this action against various South Carolina law enforcement officers[2] alleging that they were guilty of,

_____

*Senior Judge Russell heard oral argument in this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

[2] Robinson named Lexington County, South Carolina, Sheriff James R. Metts and Lexington County Detention Center employees Detective Glenn Oxendine, Captain Adrian Bost, Sergeant Duane R. Peake, Detective Anthony Plante, Detective Jimmy Smith, Detective Larry Harrison, Detective Jim Graham, and Detective Ken Correll as defendants in this action. For ease of reference, we refer to defendants collectively as "Appellees."

2

inter alia, illegally searching and seizing him, engaging in a civil conspiracy, and maliciously prosecuting him. Robinson now appeals the decision of the district court granting Appellees' motion for summary judgment. We affirm.

I.

In 1992, when the events underlying this action occurred, Robinson was employed by the Lexington County Detention Center (LCDC) as a corrections officer. An investigation of marijuana being smuggled into the LCDC led to the questioning of inmate Gary Martin. Martin informed LCDC officials that two LCDC correctional officers, Robinson and Harry Perry, were bringing contraband--in the form of cigarettes and marijuana--into the facility with the assistance of Martin's wife. According to Martin, his wife would place contraband on the automobile used jointly by Robinson and Perry while the vehicle was in the LCDC parking lot. Martin alleged that Robinson and Perry would then bring the contraband into the LCDC during their shift.

Pursuant to information provided by Martin, Appellees prepared a package containing a carton of cigarettes, marijuana, three $20.00 bills, cigarette lighters, and rolling papers. On June 18, 1992, Appellees placed the package in the wheel well of the vehicle used by Robinson and Perry in the LCDC parking lot, as directed by Martin, and established surveillance. During the vigil, Martin notified officers that Robinson and Perry had told him that they knew the contraband was there and that they would bring it to him. No one approached the vehicle until the following morning when Robinson and Perry went off duty and left the LCDC.

The automobile was kept under observation after it exited the parking lot. The vehicle stopped on an interstate entrance ramp; Perry exited, retrieved the package from the wheel well, and again entered the automobile. Shortly thereafter, the vehicle was stopped, and Robinson and Perry were searched and arrested. Three $20.00 bills and marijuana were discovered in Perry's pockets, and the remaining contraband was on the floorboard of the automobile. **3**

_____

**3** Perry is not a party to this action.

A grand jury indicted Robinson of several violations of state law including conspiracy to possess marijuana and misconduct in office. On the day before Robinson's scheduled trial, the state court heard Robinson's motion to dismiss the charges on the basis that probable cause was lacking for the search and seizure. Following an evidentiary hearing, the state court ruled that probable cause had existed and denied Robinson's motion to dismiss. Robinson thereafter entered a plea pursuant to an agreement permitting him to enter a pretrial intervention program.

Robinson subsequently brought the present action claiming that his rights under federal and state law were violated by Appellees because, inter alia, they lacked probable cause for the search, seizure, and prosecution. The district court granted summary judgment to Appellees, ruling that Robinson was estopped from arguing that probable cause was lacking due to the contrary determination by the state court during Robinson's criminal proceedings. Furthermore, the district court concluded that Appellees were entitled to qualified immunity because a reasonable officer could have believed that probable cause was present.

II.

Robinson maintains that the district court erred in granting summary judgment to Appellees, principally contending that he is not estopped from challenging the probable cause determination of the state court and that probable cause was lacking. Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and applicable law, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. See Robinson v. Metts, No. 3:95-1866-23 (D.S.C. Mar. 17, 1997).

AFFIRMED

4